UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BIRCH, *individually and on behalf of all others similarly situated*, et al., <br><br>Plaintiffs,<br><br>v.<br><br>FAMILY FIRST LIFE, LLC, et al.,<br><br>Defendants. | Case No. 22-cv-815-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANTS SHAWN MEAIKE AND ANDREW TAYLOR'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 22] |

Pending before the Court is Defendants Shawn Meaike and Andrew Taylor's ("Defendants") motion to file documents under seal in relation to their pending motion to dismiss. Doc. Nos. 20, 22. Defendants seek to file a confidential compensation agreement (the "Bonus Agreement") and references thereto in their motion to dismiss under seal.[1] Doc. No. 22 at 2.[2] The motion to seal is unopposed. *See* Doc. No. 26.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*,

---

[1] Defendants filed redacted versions of these documents. *See* Doc. No. 20.
[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

447 F.3d 1172, 1178 (9th Cir. 2006).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  As such, "the burden on a motion to seal falls squarely on the movant." *Kamakana*, 447 F.3d at 1176.  The moving party can only overcome the presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178 (citations omitted) (internal quotation marks omitted).  "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

   Having reviewed the motion and respective documents, the Court finds that Defendants have shown compelling reasons to file the Bonus Agreement and references thereto under seal.  As Defendants explain, the Bonus Agreement "contains confidential information relating to [Plaintiff Greg] Birch's business relationship with [Defendants] Meaike and Family First Life, LLC." Doc. No. 22 at 2.  Defendants further represent that "[t]he disclosure of the specific details concerning the bonus amount and [Plaintiff] Birch's corresponding obligations would harm [Defendants] Meaike and FFL's competitive standing." *Id.*  As the Court has previously recognized, such confidential business materials may be properly sealed so as to prevent "improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Baker v. Seaworld Entm't, Inc.*, No. 14-cv-2129-MMA (AGS), 2017 U.S. Dist. LEXIS 182897, at *17 (S.D. Cal. Nov. 3, 2017) (quoting *Algarin v.*

*Maybelline, LLC*, No. 12-cv-3000-AJB (DHB), 2014 U.S. Dist. LEXIS 23882, at *9 (S.D. Cal. Feb. 21, 2014)).

      Accordingly, the Court **GRANTS** Defendants' motion to file documents under seal and **DIRECTS** the Clerk of Court to file Doc. No. 23 **UNDER SEAL**.

      **IT IS SO ORDERED**.

Dated: October 17, 2022

                                    HON. MICHAEL M. ANELLO
                                    United States District Judge