1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20

MICHAEL BORISH, *individually and on behalf of all others similarly situated*, et al.,

                                    Plaintiffs,

v.

FAMILY FIRST LIFE, LLC,

                                    Defendant.

Case No. 22-cv-815-MMA (SBC)

**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**

[Doc. No. 47]

21
22
23
24
25
26
27
28

    Pending before the Court is Defendant Family First Life, LLC's ("Defendant" or "FFL") motion to dismiss Plaintiffs Michael Borish, Kevin Vega, and Ramon Fazah's ("Plaintiffs") Third Amended Complaint. Doc. No. 47. Plaintiffs filed an opposition, Doc. No. 50, to which Defendant replied, Doc. No. 52. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 53. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss **without leave to amend**.

# I. Background[1]

## A.    Procedural Background

Plaintiffs initiated this action on June 3, 2022.  Doc. No. 1.  Thereafter, Plaintiffs amended their complaint twice: once as a matter of course, Doc. No. 3, and shortly after, a second time with leave of Court, Doc. No. 7 (Second Amended Complaint, the "SAC"). In its April 13, 2023 Order, the Court dismissed Plaintiffs' SAC with leave to amend. Doc. No. 45.  Notably, the Court held Plaintiffs did not allege facts to support personal jurisdiction over FFL in California.  *Id.* at 9–15.  The Court also held Plaintiffs did not plead any cause of action.  *Id.* at 17–21.  First, in response to FFL's motion to dismiss, Plaintiffs conceded they did not state a claim as to two of their causes of action— violation of California Penal Code § 496 and of Florida Statute § 817.06—and they abandoned their two breach of contract causes of action.  *Id.* at 17–18.  Second, the Court held Plaintiffs did not plead fraud with particularity under Federal Rule of Civil Procedure 9(b), which applied to each of the causes of action at issue, because they relied on "vague," "broad," and generalized allegations that did not plead "with particularity a single specific advertisement or representation made by [FFL]."  *Id.* at 20–21.  The Court then granted Plaintiffs leave to amend because it had not previously "ruled on the pleading sufficiency of Plaintiffs' claims."  *Id.* at 21 n.11.

In response to the Court's Order, Plaintiffs filed their Third Amended Complaint on May 4, 2023.  Doc. No. 46 (Third Amended Complaint, the "TAC").  In that pleading, Plaintiffs replaced two of the original plaintiffs—Greg Birch and David Doehring—with Plaintiffs Vega and Fazah.  TAC ¶¶ 6–7.  However, Plaintiffs—on behalf of themselves and as representatives of all those similarly situated—assert the same claims for relief against Defendant as in their SAC, including: (1) Violation of California's False

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the TAC and construes them in the light most favorable to Plaintiffs.  *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; (2) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) Violation of California Penal Code § 496; (4) Violation of Texas's Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46; (5) Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; (6) Violation of Florida Statute § 817.06; (7) Breach of Written Contract; and (8) Breach of Oral Contract.  *See generally* TAC.

In the instant motion, Defendant again moves to dismiss Plaintiffs' TAC in its entirety pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6).  Doc. No. 47 at 2.  As stated above, Defendant's motion to dismiss is fully briefed and ripe for decision.

## B.   Factual Background

This putative class action centers around the insurance industry and one of its common features: independent marketing organizations ("IMOs").  TAC ¶¶ 9–11.  Defendant FFL is an IMO that distributes life insurance products to the public through a network of independent contractors known as "agents."  *Id.* ¶ 11.  Plaintiffs allege they relied on false representations made by Defendant in purchasing low-quality insurance "leads" while working as agents for FFL.  *Id.* ¶¶ 18, 41–43.  As many of Plaintiffs' allegations in the TAC remain unchanged, the Court incorporates by reference its background discussion from its April 13, 2023 Order.  Doc. No. 45; *see also Birch v. Fam. First Life, LLC*, No. 22-CV-815-MMA (NLS), 2023 WL 2940020, at *1 (S.D. Cal. Apr. 13, 2023).

Because, as detailed below, the Court is dismissing this action for lack of personal jurisdiction over Defendant, the Court only elaborates on facts relevant to that issue here.  To that end, Plaintiffs allege in the TAC that Defendant "is a Connecticut limited liability company with its principal place of business" in Connecticut.  TAC ¶ 8.  However, Plaintiffs now allege that Defendant "maintains fourteen (14) offices within the state of California" and that "authorized representatives of [FFL] . . . as well as several FFL websites, made representations to California residents, that form the basis of the[ir]

claims" in the TAC.  *Id.* ¶¶ 2–3.  Further, Plaintiffs allege that Defendant "has held and continues to hold several corporate events in California, which are intended to promote [Defendant]'s business and its leads to the public, which include California residents." *Id.* ¶ 4.

## II. LEGAL STANDARD

Plaintiffs "bear[] the burden" of establishing personal jurisdiction exists.  *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).  The Court may consider declarations and other evidence outside the pleadings to determine whether it has personal jurisdiction.  *See Boon Global*, 923 F.3d at 650. "[U]ncontroverted allegations in [Plaintiffs'] complaint must be taken as true," but courts "may not assume the truth of allegations in a pleading which are controverted by affidavit."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (cleaned up).  Any "factual disputes" must be "resolve[d] . . . in [Plaintiffs'] favor."  *Id.*

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long arm statute is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process are the same.  *See* Cal. Civ. Proc. Code § 410.10; *Mavrix*, 647 F.3d at 1223.

Courts recognize two forms of personal jurisdiction, general and specific.  *Bristol-Myers Squibb Co. v. Super. Court of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).  General jurisdiction over a nonresident corporation "is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at

home in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2006) (cleaned up); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) ("[T]he standard for general jurisdiction is high" and "a defendant must not only step through the door, it must also [sit] down and [make] itself at home.") (quotations and citations omitted).  By contrast, specific jurisdiction requires a nonresident defendant's "suit-related conduct [to] create a substantial connection with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### III. DISCUSSION

Plaintiffs do not contend general jurisdiction exists.  So, the Court must analyze whether Plaintiffs have made a prima facie showing of specific jurisdiction.

The Ninth Circuit applies a three-part test to determine if the exercise of specific personal jurisdiction over a nonresident is appropriate: (1) the defendant must purposefully direct its activities toward the forum or purposefully avail itself of the privileges of conducting activities in the forum; (2) the plaintiff's claim must arise out of or relate to those activities; and (3) the assertion of personal jurisdiction must be reasonable.  *Schwarzenegger*, 374 F.3d at 802.  It is Plaintiffs' burden to plead allegations that satisfy the first two prongs, whereupon the burden shifts to Defendant to show why the exercise of specific personal jurisdiction would not be reasonable under prong three. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

In its previous Order, the Court found that Plaintiffs failed to allege sufficient facts to satisfy the first part of the test for specific personal jurisdiction.  Doc. No. 45 at 14.  Specifically, the Court held that Plaintiffs did not satisfy the "express aiming" element of the Ninth Circuit's three-part "effects" test for purposeful direction derived from *Calder v. Jones*, 465 U.S. 783 (1984) (the "*Calder*" test).  *Id.*  Because failing to sufficiently plead any one of the three *Calder* elements is fatal to show personal jurisdiction, the Court declined to reach the remaining specific jurisdiction requirements, *i.e.*, whether Plaintiffs' claims arise out of or relate to Defendants' forum-related activities and whether the exercise of jurisdiction would comport with fair play and substantial justice.

*Id.*  In the instant motion, Defendant does not dispute that Plaintiffs have now alleged sufficient facts to satisfy the "purposeful direction" element for specific jurisdiction.[2] Instead, Defendant now argues that Plaintiffs fail to satisfy the second element: whether Plaintiffs' claims arise out of or relate to Defendant's California contacts.  Doc. No. 47 at 20.  The Court agrees.

In *Ford Motor Co. v. Montana Eighth Judicial District Court*, the Supreme Court held "arise out of" and "relate to" are separate requirements, and each is independently sufficient for a finding of personal jurisdiction.  141 S. Ct. 1017, 1026 (2021).  "[F]or a claim to arise out of a defendant's forum contacts requires causation, while a claim can relate to those contacts, even absent causation, where, for example, 'a company . . . serves a market for a product in the forum State and the product malfunctions there.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504–05 (9th Cir. 2023) (quoting *Ford*, 141 S. Ct. at 1026–27).

In *Ford*, the Supreme Court held Ford Motor Company was subject to specific personal jurisdiction for claims of injuries caused by a Ford Explorer in Montana, and by a Ford Crown Victoria in Minnesota, despite the vehicles having been sold by Ford out-of-state.  *Id.* at 1028.  The Court explained Ford had engaged in marketing efforts in Montana and Minnesota, including marketing efforts related specifically to Ford Explorers and Crown Victorias.  *Id.*  Both models are for sale in Montana and Minnesota, and Ford distributes replacement parts to its own dealers and other repair shops in both states.  *Id.*  So, the Court concluded, there was a "strong relationship among the defendant, the forum, and the litigation," and specific jurisdiction was warranted even

---

[2] Because Plaintiffs previously abandoned their contract claims in their SAC, the Court applied the "purposeful direction" test in its analysis as all of Plaintiffs' other claims sounded in tort.  Doc. No. 45 at 11.  In their opposition, Plaintiffs again "concede on FFL's argument and acknowledge that they cannot assert breach of contract claims."  Doc. No. 50 at 16.  Therefore, the Court finds the purposeful direction test also applicable to the TAC.

though there was not a causal connection between the defendants' activities in the forum states and the plaintiffs' claims. *Id.*

In *Yamashita*, the court focused on three aspects of *Ford*'s reasoning to "provide guidance on how to determine whether a defendant's contacts sufficiently relate to a plaintiff's injury." *Yamashita*, 62 F.4th at 505. First, "a plaintiff's injury relates to a defendant's forum contacts if similar injuries will tend to be caused by those contacts" because, "[i]n effect, relatedness proxies for causation" in some cases. *Id.* Second, "a plaintiff's injury relates to a defendant's forum contacts if the defendant should have foreseen the risk that its contacts might cause injuries like that of the plaintiff." *Id.* at 506. And third, "'relate to' does not mean anything goes," and instead "relatedness requires a close connection between contacts and injury." *Id.* (cleaned up).

Here, Plaintiffs allege that (1) Defendant maintains offices in California, (2) authorized representatives of Defendant made representations to California residents about its leads, and that (3) Defendant made representations to Plaintiffs about its leads "in phone conferences, at company events, on YouTube videos when Plaintiffs enrolled in FFL, and on numerous occasions throughout their tenure with the company." TAC ¶¶ 2–3, 43. Plaintiffs also allege that Defendant maintains websites based out of California and YouTube channels which are recorded and broadcasted in California. *Id.* ¶¶ 28–36. Construing these allegations "in light most favorable to [Plaintiffs]," *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018), they support an inference that FFL maintains contacts in California. However, Plaintiffs fail to demonstrate that their injuries arose from Defendant's California contacts. None of the Plaintiffs—even Plaintiff Fazah who states he lives in California—allege they purchased leads while in California, that they used Defendant's leads while in California, or that they were injured in California. Indeed, Plaintiffs do not specifically allege *where* they were injured or *when* they specifically interacted with any of Defendant's alleged California contacts. Plaintiffs do not dispute this in their opposition. Therefore, the Court cannot find that Plaintiffs have established specific personal jurisdiction.

1   Because the Court finds that Plaintiffs' claims do not arise out of Defendant's

2   activities in California, it need not consider whether, under the third prong, Defendant has

3   met its burden of demonstrating that the exercise of specific jurisdiction would not

4   "comport with fair play and substantial justice" or is reasonable. *Picot v. Weston*, 780

5   F.3d 1206, 1211 (9th Cir. 2015). Moreover, the Court need not consider Defendant's

6   alternative arguments that the TAC should be dismissed pursuant to Federal Rules of

7   Civil Procedure 9(b), 12(b)(1), and 12(b)(6).

8   Although they did not file a motion, Plaintiffs ask for jurisdictional discovery in its

9   opposition brief.[3] Ninth Circuit law applies to this issue. *Autogenomics, Inc. v. Oxford*

10  *Gene Tech.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Under Ninth Circuit law,

11  "[d]iscovery may be appropriately granted where pertinent facts bearing on the question

12  of jurisdiction are controverted or where a more satisfactory showing of the facts is

13  necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data*

14  *Disc., Inc. v. System Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

15  However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated

16  and based on bare allegations in the face of specific denials made by the defendants, the

17  Court need not permit even limited discovery. . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d

18  1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th

19  Cir.1995)). "An appellate court will not interfere with the trial court's refusal to grant

20  discovery except upon the clearest showing that the dismissal resulted in actual and

21  substantial prejudice to the litigant; such a refusal is not an abuse of discretion when it is

22  clear that further discovery would not demonstrate facts sufficient to constitute a basis for

23

24  _____

25  [3] The failure to file a formal motion is itself a basis for denial of this request. *Autogenomics, Inc. v.*

26  *Oxford Gene Tech.*, 566 F.3d 1012, 1022 (Fed. Cir. 2009) (quoting *Sopcak v. N. Mountain Helicopter*

27  *Serv.,* 52 F.3d 817, 819 (9th Cir.1995)) ("[U]nder Ninth Circuit law, it is not necessarily an abuse of
    discretion to reject a request for jurisdictional discovery because no formal motion was made.").

28

jurisdiction." *Autogenomics*, 566 F.3d at 1023 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)).  Here, because the Court agrees with Defendant that "all of the relevant information" Plaintiffs would need to demonstrate personal jurisdiction "is already in their possession," Doc. No. 52 at 12, the Court **DENIES** Plaintiffs' request for jurisdictional discovery.

Finally, Plaintiffs also request leave to amend.  Doc. No. 50 at 17.  Defendant opposes this request.  Doc. No. 52 at 6, 15.  Generally, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment.  Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  To date, Plaintiffs have already been granted leave to file two amended complaints, Doc. Nos. 6, 45, and the Court laid out the legal standard for personal jurisdiction in its previous Order.  Thus, the Court already put Plaintiffs on notice regarding the Court's concerns with respect to the lack of specificity surrounding the test for specific jurisdiction.  Plaintiffs cannot be granted unlimited attempts to amend their complaint.[4]  Because Plaintiffs have still not alleged specific facts surrounding their injuries in their TAC, the Court is left with the conclusion that there are no facts available sufficient to justify the assertion of personal jurisdiction over Defendant.  Therefore, the Court determines that granting further leave to amend would be futile and **DENIES** Plaintiffs' request.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of leave to amend where amended complaint failed to cure defects identified in order dismissing prior complaint).

///

---

[4] The Court also notes that the original complaint was filed on June 3, 2022, over a year and a half ago, and the case is still in its pleading stage.

# IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss **without leave to amend** for lack of personal jurisdiction.[5]  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated: December 14, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Dismissal under Rule 12(b)(2) is without prejudice as to the merits of the case.  Accordingly, this Order is not intended to preclude Plaintiffs from pursuing their claims in another state.  However, Plaintiffs' TAC is dismissed with prejudice to the extent that, for the purposes of this action, this Court does not have personal jurisdiction over FFL.